UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEEP9 CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BARNES & NOBLE, INC. and BARNESANDNOBLE.COM, LLC,<br><br>Defendants. | No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

Plaintiff Deep9 Corporation ("Deep9") files this Complaint for patent infringement against Defendants Barnes & Noble, Inc. and barnesandnoble.com LLC (collectively, "B&N") and alleges as follows:

**NATURE OF THE ACTION**

1.  This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code.

**PARTIES**

2.  Plaintiff Deep9 Corporation is a Washington corporation with its principal place of business at 3121 W. Government Way, Suite 2B, Seattle, Washington 98199.

3.  On information and belief, Defendant Barnes & Noble, Inc. is a Delaware corporation with its principal place of business at 122 Fifth Avenue, New York, New York

COMPLAINT FOR PATENT INFRINGEMENT
 (NO._____) - 1
4354/004/239691.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

10011. Its registered agent for service of process in the State of Washington is Capitol Corporate Services Inc., 1780 Barnes Blvd. SW, Building G, Tumwater, Washington, 98512.

4. On information and belief, Defendant barnesandnoble.com LLC is a Delaware limited liability company with its principal place of business at 122 Fifth Avenue, New York, New York 10011.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including without limitation §§ 271, 281, 283, 284 and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants B&N. On information and belief, both Defendants do business in the State of Washington and the Western District of Washington, and are selling and offering to sell, and have within a reasonable period prior to the filing of this action, sold and offered to sell their products, including their NOOK electronic reader products, to customers in this State and in this District, either directly or indirectly. Additionally, or in the alternative, B&N has placed its products, including the NOOK products, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold or offered to be sold in this State and in this District. B&N has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

7. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because B&N resides in this District within the meaning of 28 U.S.C. § 1391(c), and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## BACKGROUND

8. United States Patent No. 5,937,405 ("the '405 patent"), entitled "On-Line

COMPLAINT FOR PATENT INFRINGEMENT
(NO._____) - 2
4354/004/239691.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Database Updating Network System and Method," was duly and legally issued by the United States Patent and Trademark Office on August 10, 1999, naming R. David L. Campbell as the sole inventor and Punch Networks Corporation as the assignee. Punch Networks Corporation assigned the '405 patent to Campbell via an assignment effective August 1, 2005. Campbell, in turn, assigned the '405 patent to Deep9 Corporation via an assignment effective November 21, 2005. Plaintiff Deep9 Corporation is the assignee and sole owner of all rights, title and interest in the '405 patent. A true and correct copy of the '405 patent is attached hereto as <u>Exhibit A</u>.

9. United States Patent No. 6,377,951 ("the '951 patent"), entitled "On-Line Database Updating Network System and Method," was duly and legally issued by the United States Patent and Trademark Office on April 23, 2002, naming R. David L. Campbell as the sole inventor and Punch Networks Corporation as the assignee. Punch Networks Corporation assigned the '951 patent to Campbell via an assignment effective August 1, 2005. Campbell, in turn, assigned the '951 patent to Deep9 Corporation via an assignment effective November 21, 2005. Plaintiff Deep9 Corporation is the assignee and sole owner of all rights, title and interest in the '951 patent. A true and correct copy of the '951 patent is attached hereto as <u>Exhibit B</u>.

10. B&N markets and sells one or more models of an electronic reading device ("e-reader") known as NOOK, including without limitation, NOOK and NOOKcolor.

### **FIRST CAUSE OF ACTION – INFRINGEMENT OF '405 PATENT**

11. Plaintiff refers to and incorporates by reference paragraphs 1 through 10, above, as though fully set forth herein.

12. B&N directly infringes, in violation of 35 U.S.C. § 271(a), one or more claims of the '405 patent, literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or using NOOK e-reader products in the United States and/or importing NOOK e-reader products into the United States. B&N infringes one or more claims of the '405 patent

COMPLAINT FOR PATENT INFRINGEMENT
 (NO._____) - 3
4354/004/239691.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

by providing and/or performing a method for updating modules of information via a network comprising a plurality of terminals, and/or by providing a computer readable medium encoded with a set of executable instructions to perform a method for updating modules of information via a common communication channel interconnecting a plurality of terminals.

13. As a result of B&N's infringement of the '405 patent, Plaintiff has suffered damages, and is entitled to recover an amount subject to proof at trial, together with interest and costs as fixed by this Court pursuant to 28 U.S.C. § 284.

14. On information and belief, B&N will continue to infringe the '405 patent unless enjoined by this Court.

15. B&N's infringement of Plaintiff's exclusive rights under the '405 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Considering the balance of hardships between Deep9 and B&N, a remedy in equity is warranted. The public interest would not be disserved by a permanent injunction.

**SECOND CAUSE OF ACTION – INFRINGEMENT OF '951 PATENT**

16. Plaintiff refers to and incorporates by reference paragraphs 1 through 15, above, as though fully set forth herein.

17. B&N directly infringes, in violation of 35 U.S.C. § 271(a), one or more claims of the '951 patent, literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or using NOOK e-reader products in the United States and/or importing NOOK e-reader products into the United States. B&N infringes one or more claims of the '951 patent by providing and/or performing a method for updating information stored in memory of a subscribing computer connected to a publishing computer via a common communications channel.

18. As a result of B&N's infringement of the '951 patent, Plaintiff has suffered damages, and is entitled to recover an amount subject to proof at trial, together with interest

COMPLAINT FOR PATENT INFRINGEMENT
 (NO._____) - 4
4354/004/239691.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

and costs as fixed by this Court pursuant to 28 U.S.C. § 284.

19. On information and belief, B&N will continue to infringe the '951 patent unless enjoined by this Court.

20. B&N's infringement of Plaintiff's exclusive rights under the '951 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Considering the balance of hardships between Deep9 and B&N, a remedy in equity is warranted. The public interest would not be disserved by a permanent injunction.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court rule in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a. An adjudication that B&N infringes one or more claims of the '405 and '951 patents, literally and/or under the doctrine of equivalents;

b. Damages according to proof;

c. Costs;

d. Pre-judgment and post-judgment interest;

e. If one or more of the Defendants' acts of infringement are found to be willful from the time that Defendants became aware of the infringing nature of its actions, which is, at the latest, the time of the filing of Plaintiff's Complaint for Patent Infringement, an award of treble damages for the period of such infringement pursuant to 35 U.S.C. § 284;

f. A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants from further acts of infringement;

g. A determination that this case is exceptional and an award to Plaintiff of its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

h. Such other and further relief as the Court deems just and proper.

COMPLAINT FOR PATENT INFRINGEMENT (NO._____) - 5
4354/004/239691.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby requests a jury trial.

Dated:  January 6, 2011

TOUSLEY BRAIN STEPHENS PLLC

By: */s/ Kim D. Stephens, WSBA #11984*
Kim D. Stephens, WSBA #11984
kstephens@tousley.com
Mark Deife, WSBA#15532
mdeife@tousley.com
Chase Alvord, WSBA #26080
calvord@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Phone: 206.682.5600
Fax: 206.682.2992

LAW OFFICE OF CHRISTIAN E. MAMMEN
Christian Mammen WSBA #23493
cmammen@mammenlaw.com
PO Box 9351
Berkeley, CA 94709
Phone: 510.868.8107
Fax: 510.868.0293

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan Selbin, Cal. Bar #170222
jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Phone: 212.355.9500
Fax: 212.355.9592

Eric B. Fastiff, Cal. Bar #182260
efastiff@lchb.com
Jaron Shipp, NY State Bar #4539045
jshipp@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: 415.956.1000
Fax: 415.956.1008
*Pro hac vice pending*
*Attorneys for Plaintiff*

COMPLAINT FOR PATENT INFRINGEMENT
 (NO._____) - 6
4354/004/239691.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992