THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEEP9 CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>BARNES & NOBLE, INC. and<br>BARNESANDNOBLE.COM, LLC,<br><br>  Defendants. | No. 2:11-cv-00035-JLR<br><br>PLAINTIFF'S OPPOSITION TO<br>DEFENDANTS' MOTION FOR COSTS<br><br>**Noted For Consideration: Nov. 2, 2012** |

## I. INTRODUCTION

On October 12, 2012, Defendants filed a motion for costs based on their status as prevailing party under the Court's September 21, 2012 summary judgment order. Four days later, Plaintiff filed a Notice of Appeal appealing the grant of summary judgment to the Court of Appeals for the Federal Circuit. Because Defendants' entitlement to costs is based solely on the Court's grant of summary judgment, Plaintiff respectfully requests that the court defer entry of an order on costs pending appeal.

In addition, defendants have not made the required showing to justify the taxation of costs for general photocopies, the use of a graphics vendor, all deposition transcripts, or the summary judgment hearing transcripts.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR COSTS
(NO. 2:11-CV-00035-JLR) - 1
4354/004/262486.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## II.  ARGUMENT AND AUTHORITY

**A.  The Court should Defer Taxation of Costs Until Completion of the Appeal Process.**

Although Fed. R. Civ. P. 54 permits a court to tax costs after awarding judgment, it is within the discretion of the court to defer entry of an order taxing costs pending appeal.  *See, e.g.,* Fed. R. Civ. P. 54 Notes of Advisory Committee on Rules – 1993 ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice [to refile after appeal]."); *Brown v. American Enka Corp.*, 452 F.Supp. 154, 160 (E.D. Tenn. 1976)(postponing allowance of costs until appellate process is complete); *American Infra-Red Radiant Co. v. Lambert Indus., Inc.*, 41 F.R.D. 161, 163-64 (D. Minn. 1966) (holding, in a patent infringement case, that it was within the sound discretion of the court to delay taxing of costs until disposition of Plaintiff's petition for certiorari); *Oaks*, 21A FED. PROC. (L.ED.) §51.07 (costs are generally not taxed until the appellate process is complete and the action has been remanded to the trial court for entry of final judgment). Unlike a money judgment on the merits, which must be assessed prior to appeal in order to render the judgment final and appealable, Fed. R. Civ. P. 54(d) "does not provide a timetable for the taxing of costs" and "does not require that costs be taxed prior to appeal." *Fleischer v. A.A. P. Inc.*, 36 F.R.D. 31, 33 (S.D.N.Y. 1964).

The Court granted Defendants' motion for summary judgment on September 21, 2012. (Dkt. No. 276).  Defendants moved for an award of costs on October 12, 2012. (Dkt. No. 278), thus preserving their right to the taxation of costs under Local Rule 54. The sole ground for Defendants' motion for costs is its status as a prevailing party pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. On October 16, 2012, Deep9 filed a Notice of Appeal, appealing the Court's grant of summary judgment. (Dkt. No. 280).  If Deep9 prevails on appeal it will eliminate the sole ground for an award of costs to Defendants, and will necessitate vacating any award of costs already made to Defendants. To avoid the potential additional complications caused by Defendants obtaining a judgment for costs before disposition of the

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR COSTS
(NO. 2:11-CV-00035-JLR) - 2
4354/004/262486.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

appeal, Plaintiff respectfully requests that the Court defer any taxation of costs until its appeal has been resolved.

### B. General Photocopies are Not Taxable Costs

Defendants request $12,432.16 be taxed for "photocopies." 28 U.S.C. §1920(2) allows taxation of costs for "fees for exemplification and the costs of making copies of any materials where the copies *are necessarily obtained for use in the ca*se." Defendants have not substantiated their claim for $12,432.16 worth of photocopies as necessary for use in the case. All they have done is submitted attorney bills containing a line item for "photocopies." But general photocopying costs without further description are not recoverable as costs. *Monelus v. Tocodrian, Inc*., 609 F.Supp.2d 1328, 1335 (S.D.Fla.2009)(citing *Duckworth v. Whisenant,* 97 F.3d 1393, 1399 (11th Cir.1996) and *Fogleman v. ARAMCO,* 920 F.2d 278, 286 (5th Cir.1991) (losing party "should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's Xerox machines")); *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority*, 133 F.R.D. 481,484 (E.D. La. 1990)(claim for cost of exemplification and copying of papers in the amount of $96,345 was essentially undocumented, and would be disallowed, where plaintiff provided the court with only 13 columns of numbers, apparently representing the costs of photocopies made during the course of litigation, and there was no information about what was copied or how the copy was used); *Perlman v. Feldmann*, 116 F.Supp. 10 (D. Conn. 1953) (it was incumbent upon prevailing defendants to substantiate their claim of taxability of costs of making copies of unidentified documents by showing at least what the documents were and what use was made of them, and, in absence of such showing, such costs should not have been taxed because it was impossible to determine whether such copies had been necessarily obtained).

Moreover, the adoption of electronic filing and service has largely eliminated the need for filing and service of hard copies, which means most copying that occurs is for the

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR COSTS
(NO. 2:11-CV-00035-JLR) - 3
4354/004/262486.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

1  convenience of counsel. This Court has relied on this factor to justify 90% reductions in the
2  amount of costs awarded for photocopies. *Bichindaritz v. University of Washington*, 2012 WL
3  3079092, C10-1371RSL (W.D. Wa. 2012).
4        Defendants have failed to substantiate that the $12,432.16 they seek in photocopying
5  costs were "necessarily obtained for use in this case."

6  **C.  Professional Graphics Support**

7        Defendants seek $4,500 for professional graphics support at the summary judgment
8  hearing. This request lacks a legal and factual basis. The request is supported by minimal
9  substantiation – an invoice from Resonant Legal Media for 20 hours of work described as
10 nothing more than "Communication/Design." Whatever services this vendor provided, it was
11 purely a luxury for Defendants and unnecessary for the summary judgment argument.
12 Moreover, 28 U.S.C. §1920(4) does not support this item as a cost because these services do
13 not qualify as an exemplification. *See, Summit Technology, Inc. v. Nidek Co., Ltd*., 435 F.3d
14 1371 (Fed. Cir. 2006)(alleged infringer's costs in preparing trial exhibits, including computer
15 animations, videos, Powerpoint presentations, and graphic illustrations, were not taxable costs
16 to losing party; such exhibits were not "exemplifications").

17 **D.  Deposition Transcripts**

18       This case was decided on Defendants' motion for summary judgment. Transcripts that
19 are obtained for use in summary judgment filings, but not used at trial, may be taxed if the
20 depositions were "actually utilized by the court in considering the defendant's motion." *James*
21 *v. Coors Brewing Co*., 73 F.Supp.2d 1250, 1261 (D. Colo. 1999) (*citing Tilton v. Capital*
22 *Cities/ABC, Inc.,* 115 F.3d 1471, 1474 (10th Cir.1997)). The only excerpts of deposition
23 transcripts Defendants submitted in support of their motion for summary judgment were for
24 witnesses Stephen Gray, Sudeep Narain, and Ranju Das (Dkt#s 146 and 197). Thus, without
25 any substantiation or explanation from defendants, these are the only transcripts "necessarily
26 obtained for use in the case." 28 U.S.C. §1920(2). Costs related to depositions that "were
27

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR COSTS
(NO. 2:11-CV-00035-JLR) - 4
4354/004/262486.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

1 merely useful for discovery" are not taxable, nor are copies prepared for the convenience of
2 the attorneys. *Alexander Mfg., Inc. Employee Stock Ownership and Trust v. Illinois Union Ins.
3 Co*., 688 F.Supp.2d 1170, 1177 (D. Or. 2010)(citing *Independent Iron Works, Inc. v. United
4 States Steel Corp*. 322 F.2d 656, 678 (9th Cir. 1963)).

5       Defendants have done nothing to substantiate why costs should be taxed for every
6 deposition taken, including the extra cost of videotape, without any showing by defendants
7 that each deposition was necessary for use in the case. Defendants have not provided the
8 invoices from the court reporters, so it is impossible to tell what individual charges the various
9 invoice amounts contain. For example, they could contain various add-ons for the convenience
10 of counsel, such as expediting fees and electronic transcripts. Defendants have not explained
11 why the extra cost of videotape is taxable when almost all witnesses were going to testify in
12 person. Defendants have failed to substantiate that all of these costs were necessary of the
13 case, rather than for the mere convenience of counsel or merely useful for discovery.

14 **E.  Transcript of Summary Judgment Hearing.**

15       Defendants request $268.25 for the cost of obtaining a transcript of the summary
16 judgment hearing, but offer no explanation why this was necessary for the case rather than for
17 the convenience of counsel. The parties filed no motions after the summary judgment hearing
18 and had no use for a copy of the transcript.

19

20       Dated this 29th day of October, 2012.

21

22       TOUSLEY BRAIN STEPHENS PLLC

23       By:  */s/ Chase Alvord*
      Kim D. Stephens, WSBA #11984
24       kstephens@tousley.com
      Mark Deife, WSBA #15532
25       mdeife@tousley.com
      Chase Alvord, WSBA #26080
26       calvord@tousley.com
27       Cale L. Ehrlich, WSBA #44359

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR COSTS
(NO. 2:11-CV-00035-JLR) - 5
4354/004/262486.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

| | |
|---|---|
| 1 | cehrlich@tousley.com |
| | 1700 Seventh Avenue, Suite 2200 |
| 2 | Seattle, Washington 98101 |
| | Phone: 206.682.5600 |
| 3 | Fax: 206.682.2992 |
| 4 | |
| | HOGAN LOVELLS US LLP |
| 5 | Christian Mammen, WSBA #23493 |
| | chris.mammen@hoganlovells.com |
| 6 | 3 Embarcadero Center, Suite 1500 |
| | San Francisco, CA 94111 |
| 7 | Phone:  415.374.2300 |
| | Fax: 415.374.2499 |
| 8 | |
| | LIEFF CABRASER HEIMANN & |
| 9 | BERNSTEIN, LLP |
| | Eric B. Fastiff (*admitted pro hac vice*) |
| 10 | efastiff@lchb.com |
| 11 | David T. Rudolph (*admitted pro hac vice*) |
| | drudolph@lchb.com |
| 12 | 275 Battery Street, 29th Floor |
| | San Francisco, CA 94111-3339 |
| 13 | Phone: 415.956.1000 |
| 14 | Fax: 415.956.1008 |
| | Jonathan Selbin (*admitted pro hac vice*) |
| 15 | jselbin@lchb.com |
| | Michael Miarmi (*admitted pro hac vice*) |
| 16 | mmiarmi@lchb.com |
| | Rachel Geman (*admitted pro hac vice*) |
| 17 | rgeman@lchb.com |
| 18 | 250 Hudson Street, 8th Floor |
| | New York, NY 10013-1413 |
| 19 | Phone: 212.355.9500 |
| | Fax: 212.355.9592 |
| 20 | *Attorneys for Plaintiff* |

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR COSTS
(NO. 2:11-CV-00035-JLR) - 6
4354/004/262486.2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to all counsel of record.

Dated this 29th day of October, 2012.

                                               TOUSLEY BRAIN STEPHENS PLLC

By:/s/ Chase Alvord
Kim D. Stephens, WSBA #11984
kstephens@tousley.com
Mark Deife, WSBA# 15532
mdeife@tousley.com
Chase Alvord, WSBA # 26080
calvord@tousley.com
Cale L. Ehrlich, WSBA #44359
cehrlich@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Phone: 206.682.5600
Fax: 206.682.2992

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR COSTS
(NO. 2:11-CV-00035-JLR) - 7
4354/004/262486.2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992